FILED

OCT 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA SANTOS CRUZ-BARAJAS and
YOSIMAR BARAJAS-CRUZ,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-71608

Agency Nos.   A099-577-340
A099-577-339

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]
San Francisco, California

Before:     O'SCANNLAIN, TALLMAN and BEA, Circuit Judges.

Petitioners Maria Santos Cruz-Barajas and Yosimar Barajas-Cruz, mother

and son and natives and citizens of Mexico, petition for review of a Board of

Immigration Appeals order dismissing their appeal from an immigration judge's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("IJ") denial of their application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the agency's discretionary determination that, even though all witnesses testified credibly, petitioners failed to show exceptional and extremely unusual hardship to the United States citizen child. 8 U.S.C. § 1252(a)(2)(B); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009).

Petitioners' contentions that the Board failed to properly consider and weigh all evidence of hardship do not raise a colorable due process claim. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

We decline to address petitioners' unexhausted contention that they were denied due process and a fair trial because the IJ was not neutral. *Ontiveros-Lopez v. INS*, 123 F.3d 1121, 1124 (9th Cir. 2000) (declining to consider a claim that Board did not have first opportunity to consider).

We lack jurisdiction to review the Board's denial of petitioners' motion to reopen, which introduced further evidence of hardship to the United States citizen child. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir. 2006) (explaining that § 1252(a)(2)(B)(i) bars jurisdiction when question presented in motion to reopen is essentially the same hardship ground originally decided).

**PETITION FOR REVIEW DISMISSED.**